### VOSS v. MUTUAL BEN. LIFE INS. CO. OF NEWARK, N. J.

(Circuit Court, W. D. Missouri, C. D. May 26, 1897.)

PAYMENTS—ACCEPTANCE—NOTICE.

In 1886, F. R. and N. R., through one T., obtained from defendant a loan of $2,500 on mortgage, which was extended at maturity for 5 years, and, in consideration of the extension, made payable at defendant's office in New Jersey. Subsequently the mortgaged land was sold to plaintiff's husband, V., and by him devised to plaintiff. Desiring to make a payment of $1,000, in advance of maturity of the extended loan, V. applied, through T., to defendant, to know if it would be accepted, and defendant replied that it would if certain interest were paid. Some months later, V. gave to T. a check for $1,000, and T. notified defendant of the receipt thereof, and that it was intended as a payment on the loan, if defendant would accept it, to which defendant replied that the payment would be accepted if certain other interest were paid. T. did not remit the money, but defendant never called for it, nor made any inquiry, nor did anything further in the matter for more than a year, when T. had absconded. *Held*, that the defendant had accepted the payment, and plaintiff was entitled to have the same credited on the mortgage.

G. W. Barnett, for plaintiff.

Montgomery & Montgomery, for defendant.

PHILIPS, District Judge. On the 1st day of March, 1886, Frank B. Reed and Nathan Reed obtained a loan from the defendant company of $2,500, on application, through J. C. Thompson, of Sedalia, Mo., for which they executed their promissory note to defendant, due five years after date, at 6 per cent. interest, payable semiannually on the 1st days of March and September in each year. To secure this note, they executed to defendant a mortgage on certain real estate in Pettis county, Mo. The interest on this note was paid by the makers up to the maturity of the principal of said debt. On the 28th day of February, 1891, an extension agreement was made between the parties for the extension of said loan for a period of five years. By the terms of this agreement, the principal and interest of said debt were made payable at the office of the Mutual Benefit Life Insurance Company, in Newark, N. J. In 1892 the said Reeds conveyed the mortgaged land to one Charles Voss, the husband of this complainant. Charles Voss died in 1893, and, by his will, the legal title to said land

vested in the complainant. On the 12th day of February, 1892, said Thompson wrote to the defendant, asking if it would accept a $1,000 payment on account of a $2,500 loan, before maturity, to which the defendant made answer, asking for the name of the borrower; and on being advised by Thompson that it was the Reed loan on the land then owned by said Voss, on the 23d day of February, 1892, it wrote as follows:

"Newark, N. J., Feb. 23, 1892.

"Mr. J. C. Thompson, Sedalia, Mo.—Dear Sir: Your favor of the 18th inst. is received. In view of the fact that the loan of F. B. Reed and others, No. 13,508, has now been running for so long a time (6 years), we are willing in this instance to allow a payment to be made of $1,000.00 on account of the principal, provided such payment is made to us, together with interest to March 1st, 1892. We note that the property of F. B. Reed is now owned by C. Voss, and we inclose form of transfer of fire insurance policy on the loan, which please have properly completed, and return. Yours, truly,
"[Signed] Edward L. Dobbins, Secretary."

Charles Voss having died in 1893, and Thompson having fled the country in May, 1894, it is not known what conversations occurred between them respecting this matter; but on September 1, 1892, said Voss wrote to Thompson the following letter:

"Beasor, Sept. 1st, 1892.

"J. C. Thompson, Esq.—Dear Sir: Inclosed please find draft for $1,000.00 (one thousand), which I hope you will arrange satisfactorily with the insurance company. Yours, respectfully,
"[Signed] Charles Voss."

The draft referred to in the letter is in evidence, drawn on the Continental National Bank of St. Louis, Mo., payable to the order of J. C. Thompson, indorsed as follows: "J. C. Thompson." "For collection and credit account of First National Bank, Sedalia, Mo. J. C. Thompson, Cashier."

It seems that Thompson for some reason did not send a receipt to Voss for this money until the 31st day of August, 1893, which was found in a letter inclosed to him after his death. The receipt is as follows:

"August 31st, 1893.

"Received of C. Voss $1,000.00, part payment on F. B. Reed loan of $2,500.00.
"[Signed] J. C. Thompson."

On the 13th day of September, 1892, Thompson wrote to defendant the following letter:

"Edward L. Dobbins, Esq., Secretary, Newark, N. J.—Dear Sir: Some time ago I wrote you in reference to receiving a payment of $1,000.00 on the F. B. Reed loan for $2,500.00, and which is now in the name of Charles Voss, the present owner of the farm. You expressed a willingness to receive a payment of that amount, but nothing further was done in the matter. Mr. Voss has now left with us $1,000.00, to be applied on the loan, provided you accept it. Will you please take and advise me at once in regard to the matter, and, if you take the money, it will be remitted at once. Yours, truly,
"[Signed] J. C. Thompson."

On the 16th day of September, 1892, the defendant sent the following letter in answer:

"Mr. J. C. Thompson, Sedalia, Mo.—Dear Sir: Your favor of the 13th inst. is received. In this instance we will, for reasons stated in our letter of February last, accept at this time a payment of $1,000.00 on account of principal of

loan No. 13,508, Frank B. Reed & al., provided the accrued interest is paid on the $1,000.00 from September 1st, at the time of payment of said $1,000.00.

"Yours, truly,                    Edward L. Dobbins, Secretary."

Thompson never remitted this $1,000 to the defendant, and nothing more was heard of the matter until after the 1st of May, 1894, when Thompson failed in business, and fled the country, to the city of Mexico. The defendant refusing to credit said note with said sum of $1,000, and asserting that the land in question is bound for the whole principal sum of $2,500, and interest thereon, the complainant filed this bill, asking to have said credit allowed, and that she be permitted to redeem said land from said mortgage on the payment of $1,500 of the principal and whatever interest there may be due.

It may be conceded to the contention of defendant that said Thompson was not the general agent of the defendant at Sedalia, Mo., authorized by it to accept payment of the character in question, and therefore special authority to Thompson to receive this money should be shown. But it does seem to me that the correspondence between Thompson and defendant, under all the circumstances of this case, is sufficient to bind the defendant to such payment. In the letter of February 23, 1892, the defendant expressed a willingness to Thompson to allow the payment, provided the same "is made to us, together with interest to March 1, 1892." And in this letter they recognized Voss as the owner of the land burdened with this debt. It is quite inferable that Thompson had, at some time between that and the 1st of September, informed Voss of the willingness of defendant to accept this payment, provided the interest was paid according to the provisions of the mortgage bond. There was just as much consideration for defendant to permit the payment the 1st of September as there was on the 1st of March preceding, which were the dates of accruing semiannual interest. Accordingly, Voss sent to Thompson the draft for the $1,000 on the 1st of September, 1892. Thompson, with his characteristic dilatoriness, did not advise defendant of the receipt of this money until the 13th day of September. In this letter Thompson called attention to the fact that defendant had expressed a willingness to receive the payment of that amount; and he distinctly advised the defendant that "Mr. Voss has now left with us $1,000, to be applied on the loan, provided you will accept it." So, the defendant was thus advised of the fact that the $1,000 had been paid by said Voss to Thompson, and that Thompson then held the money. In the reply thereto, made by the defendant on the 16th day of September, it made no objection to the fact that Thompson had received this payment from Voss, instead of making the payment direct to the defendant, at its office in Newark, N. J., but the letter reaffirmed its willingness, "for reasons stated in our letter of February last," to accept the payment of $1,000, subject to the single proviso that the interest on the $1,000 should be paid from September 1st, "at the time of payment of said $1,000." It thus recognized "the payment of said $1,000" to Thompson; that is to say, that the payment to Thompson was perfectly satisfactory to it so far as the mode of payment was concerned, but added the requirement that it would expect interest thereon up to the time it received the money.

The evidence shows that the interest on the debt of $2,500 was paid up to the 1st of September, 1892; and as no objection was made by Voss to such condition, and the presumption being, as Thompson, in respect of this negotiation, was acting both for Voss and the defendant, that he advised Voss of the receipt of this letter from defendant; and the defendant being thus advised that the debtor had paid this $1,000 to Thompson for it, it was its duty to have made inquiry of Thompson thereafter as to what disposition he had made of this payment. But it does not appear that it ever corresponded with Thompson thereafter respecting this matter. Thus Voss, up to the time of his death, was left to repose upon the reasonable assumption that his $1,000 had been received by defendant, and that his principal debt had been reduced by that sum. And so was his widow and heir, the complainant. left to believe and trust, until the flight of Thompson and his defalcations became known to the public, that her property was not subject to a repayment of this debt of $1,000. And as, under the decree which the court will make in this case, the defendant will be accorded the interest, amounting to about $2.50, on said $1,000, from the 1st day of September, 1892, to the 16th day of September, 1892, the date when defendant said, in its letter, it would "accept at this time," exact justice will be done between these parties. Decree will accordingly be entered granting the relief prayed for in the bill.